UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIGHTNING ELIMINATORS &
CONSULTANTS, INC.,

    Plaintiff,

v.                                        CASE NO: 8:08-cv-343-T26EAJ

EAST COAST LIGHTNING EQUIPMENT, INC.;
PREMIER LIGHTNING PROTECTION;
BERGELECTRIC CORP. CONTRACTORS &
ENGINEERS; and CLARK CONSTRUCTION
GROUP, LLC,

    Defendants.
_____/

**O R D E R**

    Plaintiff/Counter-Defendant, Lightning Eliminators & Consultants, Inc. (LEC), moves to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff, East Coast Lightning Equipment, Inc.'s (ECL) counterclaim alleging unfair competition and false representations in commerce brought under the Lanham Act, specifically 15 U.S.C. § 1125(a).  After careful consideration of the well pleaded allegations of the complaint, which this Court must accept as true and construe in the light most favorable to ECL at this juncture of the proceedings, the Court is of the opinion that the counterclaim more than adequately states a cause of action under the Lanham Act when measured against the test recently promulgated by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___,

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).[1]  In the Court's view, ECL's *detailed* factual allegations, which focus on LEC's false and misleading advertising claims with regard to its DAS/CTS products, are more than sufficient to provide the grounds for its entitlement to relief, raise a right to relief above the speculative level, and provide enough facts to state a claim for relief that is plausible on its face.  Id. at 1964-65 and 1974; accord Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008) (articulating standard under Twombly for determining whether complaint states a claim for relief).

      Accordingly, it is ordered and adjudged as follows:

      1) The Motion to Dismiss Counterclaim (Dkt. 24) is denied.

      2) LEC shall file its answer and defenses to ECL's counterclaim within ten days of this order.

      **DONE AND ORDERED** at Tampa, Florida, on April 25, 2008.


                                          s/*Richard A. Lazzara*
                                    **RICHARD A. LAZZARA**
                                    **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[1]  Given this conclusion, the Court needs no response from ECL.